IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LARRY COLEMAN, on his own
behalf and on behalf of all others
similarly situated                                                    PLAINTIFF

V.                                          CIVIL ACTION NO: 3:18-CV-00218-HTW-LRA

KOCH FOODS OF MISSISSIPPI,
LLC; KOCH MEAT CO, INC. and
JOHN DOES 1-10                                                       DEFENDANTS

---

**ANSWER OF KOCH FOODS OF MISSISSIPPI, LLC AND KOCH MEAT CO, INC.**

---

The Defendants, Koch Foods of Mississippi, LLC ("Koch Foods") and Koch Meat Co,

Inc. (collectively, "Defendants"), files their Answer to the Amended Complaint [Doc. 3] as

follows:

**FIRST DEFENSE**
**STATUTE OF LIMITATIONS**

The Plaintiff's claims against Defendants are barred to the extent not brought within the

applicable statute of limitations under the Fair Labor Standards Act ("FLSA") and/or state law.

**SECOND DEFENSE**
**LACK OF WILLFUL CONDUCT**

The Plaintiff cannot establish that Defendants engaged in willful conduct within the

meaning of the FLSA.

**THIRD DEFENSE**
**GOOD FAITH**

Any alleged acts or omissions by Defendants were undertaken or made in good faith,

and/or in conformity with, and in reliance on, written administrative regulations, orders, rulings,

or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor or the Courts.

## FOURTH DEFENSE
## UNAVAILABILITY OF LIQUIDATED DAMAGES

The Plaintiff is not entitled to liquidated damages, because any alleged acts or omissions of Defendants were undertaken or made in good faith, and Defendants had reasonable grounds for believing that their acts or omissions did not violate the FLSA.

## FIFTH DEFENSE
## DE MINIMUS TIME

The Plaintiff is barred from recovery because some or all alleged time at issue is *de minimus.*

## SIXTH DEFENSE
## LACK OF SIMILARITY

The Plaintiff may not maintain this action as a collective action because he is not similarly situated to other individuals in the group or class he purports to represent.

## SEVENTH DEFENSE
## FLSA, 29 U.S.C. § 254

The Plaintiff is barred from recovery pursuant to 29 U.S.C. § 254 relating to activities that are not compensable, including traveling to and from place of activities which are preliminary and postliminary to Plaintiff's principal activities.

## EIGHTH DEFENSE
## LACHES, WAIVER, OR ESTOPPEL

The Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## NINTH DEFENSE
## LEGITIMATE, NONDISCRIMINATORY REASON

The Plaintiff's claims are barred, in whole or part, because any actions taken by Defendants, if any, were taken for legitimate, non-discriminatory reasons.

## TENTH DEFENSE
## AVOIDANCE OF CONSEQUENCES

The Plaintiff's claims are barred, in whole or in part, due to the failure of the Plaintiff to take reasonable measures to avoid the consequences alleged to have been caused by Defendants.

## ELEVENTH DEFENSE
## PUNITIVE DAMAGES BARRED

Under the circumstances of this case, an award of punitive damages violates the Fifth and Fourteenth Amendments of the United States Constitution and Article 3 §§ 14, 22, and 28 of the Mississippi Constitution.

## TWELFTH DEFENSE
## FLSA, 29 U.S.C. § 203(O)

The Plaintiff is not entitled to compensation for the activity at issue, because the activity is excluded from compensability under 29 U.S.C. § 203(o).

## ANSWER

Defendants respond to the Amended Complaint paragraph by paragraph as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 1 of the Amended Complaint.

2.      Defendants admit that Koch Foods is a Mississippi limited liability corporation with its principal place of business in Scott County, Mississippi, and  that it may be served with process through its registered agent, CT Corporation System, 645 Lakeland Drive, Suite 101, Flowood, MS 39232.  Defendants also admit that Koch Meat may be served with process through its registered agent, Thomas R. Wechter, 190 South LaSalle St., Suite 3700, Chicago, IL 60603.  Defendants deny the remaining allegations in paragraph 2 of the Amended Complaint.

3.      Defendants admit the allegations in paragraph 3 of the Amended Complaint.

4.      Defendants admit that Koch Foods is subject to personal jurisdiction in this Court. Defendants deny the remaining allegations in paragraph 4 of the Amended Complaint.

5.      Defendants deny the allegations in paragraph 5 of the Amended Complaint..

6.      Defendants deny the allegations in paragraph 6 of the Amended Complaint.

## GENERAL ALLEGATIONS OF FACT

7.      Defendants admit that Coleman was hired as an employee by Koch Foods at its Distribution Plant in Morton, Mississippi.  Defendants deny the remaining allegations paragraph 7 of the Amended Complaint.

8.      Defendants deny the allegations in paragraph 8 of the Amended Complaint.

9.      Defendants deny the allegations in paragraph 9 of the Amended Complaint.

10.      Defendants deny the allegations in paragraph 10 of the Amended Complaint.

11.      Defendants deny the allegations in paragraph 11 of the Amended Complaint.

12.      Defendants deny the allegations in paragraph 12 of the Amended Complaint.

13.      Defendants deny the allegations in paragraph 13 of the Amended Complaint.

14.      Defendants deny the allegations in paragraph 14 of the Amended Complaint.

15.      Defendants admit that Coleman began working at Koch Foods processing plant in Morton, Mississippi in November 2016.  Defendants deny the remaining allegations in paragraph 15 of the Amended Complaint.

16.      Defendants deny the allegations in paragraph 16 of the Amended Complaint.

17.      Defendants deny the allegations in paragraph 17 of the Amended Complaint.

18.      Defendants deny the allegations in paragraph 18 of the Amended Complaint.

19.      Defendants deny the allegations in paragraph 19 of the Amended Complaint.

20.      Defendants deny the allegations in paragraph 20 of the Amended Complaint.

21.      Defendants deny the allegations in paragraph 21 of the Amended Complaint.

4

22.     Defendants admit the allegations in paragraph 22 of the Amended Complaint.

23.     Defendants admit that Coleman was terminated on February 23, 2017. Defendants deny the remaining allegations in paragraph 23 of the Amended Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Amended Complaint.

26.     Defendants admit that Coleman has worked in excess of forty-hours per week during certain portions of his employment with Koch Foods.  Defendants deny denies the remaining allegations in paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations in paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations in paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations in paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations in paragraph 31 of the Amended Complaint.

32.     Defendants admit the allegations in paragraph 32 of the Amended Complaint.

33.     Defendants admit that the evidence demonstrated that Coleman damaged the truck.  Defendants deny the remaining allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Amended Complaint.

36.     Defendants admit that Coleman was terminated.  Defendants deny the remaining allegations in paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Amended Complaint.

38.     Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 38 of the Amended Complaint.  The allegations, therefore, are deemed denied.

39.     Defendants are without sufficient information or knowledge to admit or deny the allegations in paragraph 39 of the Amended Complaint.  The allegations, therefore, are deemed denied.

## COUNT I: RACE DISCRIMINATION

40.     Defendants incorporate their responses to paragraphs 1 through 39 of the Amended Complaint.

41.     Defendants deny the allegations in paragraph 41 of the Amended Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Amended Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Amended Complaint.

44.     Defendants deny the  allegations in paragraph 44 of the Amended Complaint.

## COUNT II: FLSA VIOLATIONS

45.     Defendants incorporate their responses to paragraphs 1 through 44 of the Amended Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Amended Complaint.

51.     Defendants admit that Koch Foods controlled Coleman's work.  Defendants deny the remaining allegations in paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Amended Complaint.

55.     Defendants deny allegations in paragraph 55 of the Amended Complaint.

56.     Defendants admit Koch Foods is an "[e]nterprise engaged in commerce or in the production of goods for commerce" pursuant to 29 U.S.C. § 203(s)(1)(A).  Defendants deny the remaining allegations in paragraph 56 of the Amended Complaint.

57.     Defendants deny that Plaintiff is entitled to an order certifying a collective action or authorizing the distribution of notice to others.

58.     Defendants deny the allegations in paragraph 58 of the Amended Complaint.

59.     Defendants deny that Plaintiff is entitled to liquidated damages.

60.     Defendants deny the allegations in paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Amended Complaint.

## COUNT III: FLSA RETALIATION

63.     Defendants  incorporate their responses to paragraphs 1 through 62 of the Amended Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Amended Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations in paragraph 67 of the Amended Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Amended Complaint.

Defendants deny the final unnumbered paragraph of the Amended Complaint, including subparagraphs a) through n), denies that the Plaintiff is entitled to any relief from Defendants, and demand that the Amended Complaint be dismissed with prejudice with all costs assessed to the Plaintiff.

This the 20th day of July, 2018.

Respectfully submitted,

KOCH FOODS OF MISSISSIPPI, LLC and
KOCH MEAT CO, INC.

By Their Attorneys,

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.

By: _s/Scott W. Pedigo_____
      SCOTT W. PEDIGO

Scott W. Pedigo (MB #10735)
Jennifer G. Hall (MB #100809)
D. Sterling Kidd (MB#103670)
R. Christopher White (MB#105509)
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, P.C.
MAILING: Post Office Box 14167
Jackson, MS 39236-4167
PHYSICAL: One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211-6391
*Telephone*: (601) 351-2400
*Telecopier*: (601) 351-2424

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court using the ECF

system which will send notification of the filing to all counsel of record.

This the 20th day of July, 2018.

_s/Scott W. Pedigo_____
SCOTT W. PEDIGO