Last Updated: February 2018
FORM 1 (ND/SD MISS. JAN. 2018)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LARRY COLEMAN, on his own behalf and on behalf of all others similarly situated **PLAINTIFF**

v.          CIVIL ACTION NO. 3:18-CV-00218-HTW-LRA

KOCH FOODS OF MISSISSIPPI, LLC; and KOCH MEAT CO., INC. **DEFENDANTS**

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:** TBD

   **ESTIMATED TOTAL NUMBER OF WITNESSES:** TBD

   **EXPERT TESTIMONY EXPECTED:** Yes    **NO. OF EXPERTS:** TBD

   Plaintiff may designate experts to provide opinions regarding his damage claims. If so, Defendants anticipate designating responsive experts and may also designate other experts based on discovery.

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].** (Pick one)

   At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

   Additional Information: Notwithstanding the selection above, the parties agree that after some discovery has been conducted, they may then determine that ADR techniques may be helpful to potential resolution of this matter.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.** (Pick one)

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. JAN. 2018)

4. **DISCLOSURE.** (Pick one)

   The following additional disclosure is needed and is hereby ordered:

   The parties agree to fully comply with the initial disclosure requirements found in Federal Rule of Civil Procedure 26 on or before September 7, 2018.

5. **MOTIONS; ISSUE BIFURCATION.** (Pick one)

   Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42(b) will assist in the prompt resolution of this action. Accordingly, the Court orders that:

   Bifurcation of Plaintiff's retaliation and discrimination claims from Plaintiff's FLSA and/or bifurcation of collective action claims may be appropriate after the issue of conditional certification is decided. Defendant requests bifurcation of punitive damages and liability; Plaintiff objects to consideration of this issue at the case management conference

   Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

   The Plaintiff is directed to file a motion for provisional class certification no later than December 31, 2018.  Prior to filing the Motion for Conditional Certification, the parties are allowed 15 interrogatories, 25 requests for production of documents, and 1 party deposition limited to the issue of certification. Once class certification is resolved, the court will conduct a new case management conference to set additional deadlines and discovery limits.

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

   **A.** Interrogatories are limited to __TBD__ succinct questions.

   **B.** Requests for Production are limited to __TBD__ succinct questions.

   **C.** Requests for Admissions are limited to __TBD__ succinct questions.

   **D.** Depositions are limited to the parties, experts, and no more than

   __TBD__ fact witness depositions per party without additional approval of the Court.

**E.**   The parties have complied with the requirements of Local Rule 26(f)(2) and (3)(C) regarding discovery of electronically stored information and have concluded as follows:

All Counsel will, or have, instructed their clients to institute a litigation hold pertaining to any ESI relevant to this case and, if ESI is discovered, the parties will produce discoverable ESI upon request or disclose it as required by the Rules. The parties do not anticipate that email ESI discovery is necessary in this case.

**F.**   The court imposes the following further discovery provisions or limitations:

☑ 1. The parties have agreed that defendant may obtain a Fed.R.Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court. The examination must be completed in time to comply with expert designation discovery deadlines.

☑ 2. Pursuant to FED.R.EVID. 502(d), the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☑ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first in good faith as required by Fed. R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed. R. Civ. P.16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☐ 5. Other:

FORM 1 (ND/SD MISS. JAN. 2018)

Additional information:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for __JURY TRIAL__ statement not applicable

   beginning on: __Date to be Determined__, at __9:00__, __a.m.__, in __Jackson__ ,

   Mississippi, before United States __District__ Judge __Henry T. Wingate__ .

   THE ESTIMATED NUMBER OF DAYS FOR TRIAL IS __TBD__. ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on: __Date to be determined__, at __9:00__, __a.m.__,

   in __Jackson__ , Mississippi, before United States __District__

   Judge __Henry T. Wingate__ .

   C. **Discovery.** All discovery must be completed by: __TBD__.

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

   filed by: __TBD__ .

   E. **Experts.** The parties' experts must be designated by the following dates:

   1. Plaintiff(s): __TBD__ .

   2. Defendant(s): __TBD__ .

FORM 1 (ND/SD MISS. JAN. 2018)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: TBD .The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

   If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) TBD , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

August 27, 2018                                   /s/ Linda R. Anderson
DATE                                              UNITED STATES MAGISTRATE JUDGE